DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas which dismissed the petition of pro se defendant-appellant, Ruben Reyes, for postconviction relief. Appellant now asserts the following assignment of error on appeal:
 {¶ 2} "The trial court erred to the prejudice of appellant when it denied a timely filed petitione [sic] for post-conviction relief."
 {¶ 3} On October 25, 2002, appellant was convicted and sentenced on one count of possession of marijuana in violation of R.C. 2925.11(C)(3)(f) and one count of possession of cocaine in violation of R.C. 2925.11(C)(4)(c). Appellant filed a timely appeal from that judgment and, on April 7, 2003, filed a petition for postconviction relief in the court below. On April 29, 2003, the lower court issued an entry and order denying appellant's petition. Specifically, the court held that it did not have jurisdiction to hear appellant's petition because appellant's appeal was then pending in this court.
 {¶ 4} R.C. 2953.21(C), regarding petitions for postconviction relief provides that "[t]he court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending." Accordingly, the trial court did have jurisdiction to entertain appellant's petition and the court erred in denying the petition for lack of jurisdiction. The sole assignment of error is therefore well-taken.
 {¶ 5} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Wood County Court of Common Pleas is reversed. This case is remanded to that court for further
 {¶ 6} proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
Judgment reversed.
Handwork, P.J., Knepper, J., Pietrykowski, J., concur.